# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEARLY REED GOODWIN,** | : | No. 3:09cv474 |
| Petitioner | : | |
| | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| **RICARDO MARTINEZ, WARDEN,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is petitioner's motion for reconsideration (Doc. 14) of the court's order adopting the report and recommendation of Magistrate Judge Thomas M. Blewitt, which proposed that the court dismiss the instant petition for a writ of habeas corpus.

**Background**

On March 13, 2009, Learly Reed Goodwin filed the instant petition for a writ of habeas corpus in this court. Petitioner contends that the court that sentenced him failed to establish a specific schedule for payments due under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, during his incarceration. Petitioner contends that the Bureau of Prisons set up this schedule, and that the Bureau lacked authority to do so. As such, he seeks an order from the court barring the Bureau from enforcing this schedule of payments or instituting any sanctions against the petitioner for failing to comply with the payment schedule. Magistrate Judge Blewitt

granted petitioner's motion for leave to proceed in forma pauperis (Doc. 3). Repondent filed a response with attached exhibits (Doc. 7), and petitioner filed a traverse (Doc. 8). The magistrate judge then issued a report and recommendation (Doc. 14), which concluded that petitioner could not obtain relief through habeas corpus and recommended dismissal of the case.

When the magistrate judge issued his report and recommendation he informed the petitioner of the deadline for filing objections. As a result, the court considered the report and recommendation on a deferential standard and adopted it. After the court closed the case, the plaintiff filed the instant motion for reconsideration, in which he attacks the reasons for the magistrate judge's decision. Because petitioner is proceeding pro se, the court concludes that justice would be served by granting the motion for reconsideration and reexamining the report and recommendation in light of the petitioner's objections. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (finding that in a motion for reconsideration "[t]he movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice."). As such, the court will grant the motion for reconsideration and consider petitioner's objections to the report and recommendation.

**Jurisdiction**

Because petitioner filed his action pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge concluded that habeas corpus pursuant to 28 U.S. § 2241 was an inappropriate remedy for the facts about which plaintiff complains, because the petitioner does not challenge the fact or duration of his sentence. A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973). The magistrate judge found that petitioner's challenge to the BOP's imposition of the terms of his restitution is not a challenge to the fact or duration of his sentence, but instead is an attempt to impose liability on the respondent for violating his rights,

3

privileges or immunities under the United States Constitution. Here, the petitioner challenges the legality of the sentence imposed on him by the district court, claiming that it was imposed contrary to law. Thus, the court concludes that petitioner's challenge is to the fact or duration of his sentence, not to the conditions of his confinement. As such, a petitioner for a writ of habeas corpus is an appropriate remedy in this instance and the court will decline to adopt the report and recommendation on this matter.

The court must therefore turn to an evaluation of petitioner's substantive claim. The MVRA mandates that the sentencing court "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The Third Circuit Court of Appeals has concluded that "ordering restitution is a judicial function that cannot be delegated, in whole or in part." United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007). In Corley, the court found that under the MVRA the sentencing judge was required to consider a defendant's finances in ordering restitution. Id. If the sentencing court had knowledge that a defendant "could not make immediate payment in full, it was required under § 3664(2) to set a different schedule of payments." Id. To do otherwise, the court found, would constitute an impermissible delegation of the court's responsibility. Id. The court cannot determine from the documents before it how the sentencing court determined the schedule of petitioner's restitution payment. The court will therefore remand the case to the magistrate judge for

consideration of how petitioner's sentence was imposed.

In a footnote to its response to the petition, the government represents that the claim should be dismissed for failure to exhaust administrative remedies. "A federal prisoner must exhaust available administrative remedies before seeking habeas relief." United States ex rel. Sanders v. Arnold, 535 F.2d 848, 850 (3d Cir. 1976). The evidence does not indicate what administrative remedies were available, and whether the petitioner properly exhausted them. On remand, the parties should address the issue of whether petitioner has properly exhausted his administrative remedies.

**Conclusion**

For the reasons stated above, the court will decline to adopt the report and recommendation and order the case remanded to the magistrate judge.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEARLY REED GOODWIN,** | : | No. 3:09cv474 |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | **(Magistrate Judge Blewitt)** |
| v. | : | |
| | : | |
| **RICARDO MARTINEZ, WARDEN,** | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 16th day of November 2009, the petitioner's motion for reconsideration (Doc. 14) of the court's order closing the instant case (Doc. 13) is hereby **GRANTED**. The petitioner's objections to the report and recommendation are hereby **SUSTAINED**. The Clerk of Court is directed to **REOPEN** the case and **REMAND** it to Magistrate Judge Thomas M. Blewitt for proceedings consistent with this opinion.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT