# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEARLY REED GOODWIN,** | : | No. 3:09cv474 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| **RICARDO MARTINEZ, WARDEN,** | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is petitioner's motion for reconsideration (Doc. 25) of the court's order adopting the report and recommendation of Magistrate Judge Thomas M. Blewitt, which proposed that the court dismiss the instant petition for a writ of habeas corpus.

**Background**

On March 13, 2009, Learly Reed Goodwin filed the instant petition for a writ of habeas corpus in this court. Petitioner contends that the court that sentenced him failed to establish a specific schedule for payments due under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, during his incarceration. Petitioner contends that the Bureau of Prisons set up this schedule, and that the Bureau lacked authority to do so. As such, he seeks an order from the court barring the Bureau from enforcing this schedule of payments or instituting any sanctions against the petitioner for failing to comply with the payment schedule. Magistrate Judge Blewitt

granted petitioner's motion for leave to proceed in forma pauperis (Doc. 3). Repondent filed a response with attached exhibits (Doc. 7), and petitioner filed a traverse (Doc. 8). The magistrate judge then issued a report and recommendation (Doc. 14), which concluded that petitioner could not obtain relief through habeas corpus and recommended dismissal of the case.

When the magistrate judge issued his report and recommendation he informed the petitioner of the deadline for filing objections. As a result, the court considered the report and recommendation on a deferential standard and adopted it. After the court closed the case, the plaintiff filed a motion for reconsideration in which he attacked the reasons for the magistrate judge's decision. Because petitioner is proceeding pro se, the court concluded that justice would be served by granting the motion for reconsideration and reexamining the report and recommendation in light of the petitioner's objections. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (finding that in a motion for reconsideration "[t]he movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.").

The court examined the report and recommendation and petitioner's objections. The court declined to adopt the report and recommendation, finding that petitioner could raise a habeas claim based on the terms of restitution in his

2

sentence. The court remanded the case to the magistrate judge with instructions to determine whether plaintiff had exhausted his administrative remedies, and to examine the terms under which his sentence was imposed.

The magistrate judge undertook those inquiries and then issued another report and recommendation. (Doc. 22). Therein, the magistrate judge recommended that the case be dismissed because plaintiff had not exhausted his administrative remedies. When petitioner failed to respond to this case in a timely fashion, the court adopted the report and recommendation and closed the case. (Doc. 23). Thereafter, citing problems receiving mail in prison, plaintiff filed objections to the report and recommendation and a motion for reconsideration of this court's opinion closing the case. (Docs. 23-24). For the reasons stated above, the court will again reopen the case and consider the petitioner's objections.

**Jurisdiction**

Because petitioner filed his action pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

When dealing with objections to a magistrate judge's report and recommendation, a district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). This

3

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(c). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The magistrate judge concluded that petitioner's claim should be dismissed without prejudice for failure to exhaust administrative remedies. Under federal law, "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1993). The exhaustion requirement exists for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62. This rule applies unless a petitioner can demonstrate that exhaustion "is futile." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, concurring). Futility can occur when administrative review will not meet any of the goals of the exhaustion doctrine. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)

Petitioner does not deny that he failed to exhaust his administrative remedies, or that the law requires him to do so. Instead, he insists that exhaustion would have

4

been futile, and should thus be excused. As grounds for futility, petitioner argues that the Director of the Bureau of Prisons ("BOP") wrote the policy about which he complains, and his subordinates have no hope of altering it. Second, petitioner argues that he addresses "a core judicial function which is part of his sentence," and thus should be addressed by the court, not the BOP. Third, since the BOP receives 25% of all fines paid, petitioner predicts that the Bureau will fight all attempts to alter the policy in hopes of maintaining its financial interest.

The court will overrule the petitioner's objections. The court finds that exhaustion would not be futile in this instance. The court originally remanded the case to the magistrate judge for a determination of the sentence provided the plaintiff and the directions given the BOP to carry out that sentence. Undertaking the administrative process offered by the prison will allow the development of a factual record that can establish how the prison has calculated and enforced plaintiff's restitution schedule. Petitioner may receive relief in that context, but he may also file a new cause of action in this court after exhausting his administrative remedies. Moreover, the court is surely capable of carrying out its review responsibilities for that decision after the administrative process occurs. The court likewise finds that plaintiff's concern that the use of administrative remedies would be futile because he expects to lose in those proceedings—the subject of his final two claims of futility--is unavailing. If plaintiff loses on the administrative level, he may challenge those conclusions in court. "[T]he exhaustion doctrine is not supposed to preclude judicial

relief, but merely postpone a timing of the judicial determination." <u>Lyons v. U.S.</u> <u>Marshals</u>, 840 F.2d 202, 205 (3d Cir. 1988).

**Conclusion**

For the reasons stated above, the court will grant the petitioner's motion for reconsideration, but overrule the plaintiff's objections and adopt the report and recommendation. The court will order the case dismissed without prejudice to plaintiff raising his claim after exhausting the available administrative remedies. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEARLY REED GOODWIN,** : | No. 3:09cv474 |
| Petitioner : | |
| : | (Judge Munley) |
| **v.** : | |
| **RICARDO MARTINEZ, WARDEN,** : | |
| Respondent : | |

## ORDER

**AND NOW**, to wit, this 17th day of May 2010, the petitioner's motion for reconsideration (Doc. 25) of the court's order closing the instant case (Doc. 23) is hereby **GRANTED**. The petitioner's objections (Doc. 24) to the report and recommendation are hereby **OVERRULED**. The Clerk of Court is directed to **REOPEN** the case solely for the purpose of considering the plaintiff's objections, and to **CLOSE** the case without prejudice to the petitioner's filing a new habeas corpus action after exhausting his administrative remedies.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT